On Application for Rehearing

SHORES, Justice.
The opinion of June 24,1994, is withdrawn, and the following opinion is substituted therefor.
The Talladega County Bar Association seeks a writ of mandamus directing the Board of Bar Commissioners of the Alabama State Bar Association to reinstate the local grievance committee of the Talladega County Bar Association. The Houston County Bar Association intervenes, seeking a writ of mandamus directing the Board of Bar Commissioners of the Alabama State Bar Association to reinstate the local grievance committee of the Houston County Bar Association. The writs are granted.
Rule 7, Alabama Rules of Disciplinary Procedure, reads as follows:
“(a) Approval of a Local Grievance Committee. A grievance committee of a circuit, county, or city bar association (hereinafter referred to as a ‘local grievance committee’) must be approved by the Board of Commissioners of the Alabama State Bar before investigating complaints or recommending discipline. Such approval will be for a period of no more than five (5) years and may be withdrawn by the Board of Commissioners at any time for good cause. At the end of the approval period, the Board of Commissioners may reapprove a local grievance committee upon application of that committee and upon examination of the record of that committee for prompt, complete, and fair investigation of complaints.
[[Image here]]
“(c) Reapproval of Existing Local Grievance Committees. Six (6) months after the effective date of these Rules, the Board of Commissioners of the Alabama State Bar shall reconsider each existing local grievance committee as provided in (a) of this rule.”
This rule was recommended to this Court by the Board of Bar Commissioners and was adopted as Rule 7 of the Rules of Disciplin *756 ary Procedure (Interim)[1] on June 12, 1990, to be effective January 1, 1991. See order published in Alabama Reporter, 562-564 So.2d at CLXXIX. The Board of Bar Commissioners approved the grievance committee of the Talladega County Bar Association sometime after January 1, 1991, for a period of five years, as permitted by Rule 7. The Board of Bar Commissioners likewise approved the grievance committee of the Houston County Bar Association for a period of five years, as permitted by Rule 7.
Although the five-year approval period has not expired, and without offering any evidence of good cause for withdrawing its approval of the local grievance committee, the Alabama State Bar on March 30, 1993, informed the Talladega County Bar Association grievance committee that its jurisdiction was terminated, effective immediately, pursuant to Rule 7. The Alabama State Bar also, on March 30, 1993, informed the Houston County Bar Association grievance committee that its jurisdiction was terminated, effective immediately, pursuant to Rule 7, again without offering any evidence of good cause for withdrawing its approval of the local grievance committee.
In its letter purporting to terminate the jurisdiction of the local grievance committee of the Talladega County Bar Association, and in its letter purporting to terminate the jurisdiction of the local grievance committee of the Houston County Bar Association, the Alabama State Bar stated that on Friday, March 26, 1993, the Board of Commissioners had approved the recommendation of the Task Force on Lawyer Discipline that local grievance committees in judicial circuits having fewer than two Bar commissioners be abolished. The State Bar stated that the “net effect” of this action by the Board of Bar Commissioners was to terminate all local grievance committees in judicial circuits having fewer than two Bar commissioners.
The Talladega County Bar Association and the Houston County Bar Association argue that the State Bar’s newly adopted “policy” of allowing local grievance committees to exist only in judicial circuits having two or more Bar commissioners does not constitute “good cause” for withdrawing approval of local grievance committees under Rule 7. We agree. The Board of Bar Commissioners has requested that this Court amend Rule 7 to write into that Rule the Bar’s new policy allowing local grievance committees only in judicial circuits having two or more Bar commissioners. This Court has not yet made such an amendment, and Rule 7 remains as it is set out above. As presently written, that rule permits the State Bar to terminate a local grievance committee only upon a showing of “good cause” to do so. The State Bar has not shown good cause why the local grievance committees of the Talladega County Bar Association and the Houston County Bar Association should be terminated. The record before us indicates that the local grievance committee of the Houston County Bar Association was approved for a period of five years, and that the local grievance committee of the Talladega County Bar Association was approved for a period of five years, both periods running from a time after January 1, 1991; that approval may be withdrawn only upon a showing of good cause.
Because the Alabama State Bar attempts to terminate the local grievance committees of the Talladega County Bar Association and the Houston County Bar Association based solely upon a policy adopted by the Board of Bar Commissioners, but not incorporated into the Rules of Disciplinary Procedure, the petitioners are entitled to the relief sought.
WRITS GRANTED.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED.
ALMON, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.
MADDOX, J., dissents.

. The word “(Interim)” was omitted from the title of those rules by order of this Court effective July 1, 1994.